IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE LEE WILSON,<br><br>             Plaintiff,<br><br>      vs.<br><br>SUMMER HILL, et al.,<br><br>             Defendants. | Case No. 2:06-cv-00076 JKS EFB P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. In December 2006, an order served on Plaintiff by mail was returned as undeliverable. In April 2007, a United States Magistrate Judge recommended dismissal of the action for failure to prosecute based on Plaintiff's failure to keep the court apprised of his address pursuant to Local Rule 83-183(b). Plaintiff was given twenty days to file objections, which he failed to do. On February 19, 2008, this Court adopted the magistrate judge's findings and recommendations and dismissed Plaintiff's action without prejudice. As with all documents served on Plaintiff since December 2006, these orders were returned as undeliverable.[1]

      In March 2008, having apparently returned to prison after a hiatus on parole, Plaintiff filed a notice of change of address. Docket No. 26. The order dismissing this action was re-served on Plaintiff at his new address. Plaintiff now seeks reconsideration of the Court's order dismissing this action without prejudice. Docket No. 27. Plaintiff asks the Court to reconsider its decision on the grounds that he never received a copy of the findings and recommendations and was paroled from prison from October 2006 until November 2007. *Id*.

      Plaintiff's reasons for failing to update his address for well over a year do not move the Court to change its decision. It was Plaintiff's responsibility to maintain his address with the Court. Local Rule 83-183(b). This was true while Plaintiff was incarcerated, and remained true when he

---

[1] All of these orders were properly served on Plaintiff by mail to his last address on record. *See* Local Rule 83-182(f).

1

was paroled.  A civil rights action is not a recreational hobby that may be cast aside because one has better things to do after being paroled.  The findings and recommendations were properly served on Plaintiff's last known address, giving him notice of the impending dismissal.  Local Rule 83-182(f).  Moreover, the Court continues to believe that the factors for dismissal outweigh the factors against.[2]  As the Court dismissed Plaintiff's action without prejudice, Plaintiff may attempt to refile his case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration at Docket No. 27 is DENIED.

Dated this the 27th day of March 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[2] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.")

ORDER